KOWALSKI v BOARD OF TRUSTEES OF MACOMB COUNTY
COMMUNITY COLLEGE

COLLEGES AND UNIVERSITIES—COMMUNITY COLLEGES—TUITION RATES
—BOARDS OF TRUSTEES—CONSTITUTIONAL LAW.

> The local board of trustees of a community college has the constitutional authority, similar to the authority vested in the boards of the University of Michigan, Michigan State University, and Wayne State University, to set tuition rates (Const 1963, art 8, §§ 5, 7).

Appeal from Macomb, Hunter D. Stair, J. Submitted January 12, 1976, at Detroit. (Docket No. 23978.) Decided January 27, 1976. Leave to appeal denied, 396 Mich 871.

Complaint by Anthony J. Kowalski, individually and as representative of all persons enrolled at Macomb County Community College since autumn 1972, against the Board of Trustees of Macomb County Community College, for return of allegedly excessive tuition charges. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*George E. Montgomery,* for plaintiff.

*Johnston & Wendt,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, J. Plaintiff brought a class suit to challenge the action of the defendant in setting tuition rates, for the 1972–1973 academic year, in

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Colleges and Universities §§ 5, 18.

excess of the legislatively prescribed schedule in MCLA 389.123; MSA 15.615(1123), as amended by 1970 PA 181. The circuit judge granted a summary judgment for defendant. Plaintiff appeals and we affirm.

The issue involves the interpretation of the first sentence of Const 1963, art 8, § 7: "The legislature shall provide by law for the establishment and financial support of public community and junior colleges which shall be *supervised and controlled by locally elected boards."* (Emphasis added.)

The trial judge analogized to the "almost identical" language of Const 1963, art 8, § 5 as to the University of Michigan, Michigan State University and Wayne State University: "Each board shall have general supervision of its institution * * * ."

In *Regents of the University of Michigan v Michigan,* 47 Mich App 23; 208 NW2d 871 (1973), the Court held that the Board of Regents had the authority to establish tuition rates.

On appeal the Supreme Court did not address itself to the particular issue. *Regents of the University of Michigan v Michigan,* 395 Mich 52; 235 NW2d 1 (1975).

We agree with the interpretation of the trial judge. Under the constitution the local boards have the authority to set tuition rates.

Affirmed. No costs, a public question.